# H. LISSNER CO., Inc., v. UNITED STATES.

## No. K–471.

Court of Claims.

Oct. 20, 1931.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

This suit was instituted to recover $150,-000, but in the brief plaintiff claims that if it is entitled to value its inventory at January 1, 1920, at actual market value, it is entitled to judgment for $99,155.76 with interest. In the alternative it is claimed that for the period March 20, 1920, to December 31, 1920, it overpaid its tax in the amount of $76,241.31.

The controversy arises over the fact that although it is claimed that the business was carried on and conducted in all respects as if it had been a corporation on and after January 1, 1920, the corporation charter was not, in fact, issued and the plaintiff corporation did not exist and was not organized until March 20 of that year, and, although it made a tax return to the commissioner in 1921 for the entire calendar year 1920 and paid the tax as shown thereon, the commissioner refused to allow any portion of the claim for refund of taxes for 1920 on the ground that the plaintiff was not a corporation during the period January 1 to March 20 of that year. No defense is interposed on behalf of the defendant to the proposition that if the case is to be treated the same as if the plaintiff had been incorporated on the 1st day of January, 1920, it is entitled to have its income and tax recomputed for that year on the basis of actual market value of the inventory on January 1, 1920, which the facts clearly establish to have been $1,054,277.10. The result of such computation would show an overassessment and overpayment of tax for that year in an amount substantially as claimed by the plaintiff. Munising Motor Co., 1 B. T. A. 286; Walker-Crim Co., Inc., 1 B. T. A. 599; Rouse, Hempstone & Co., Inc., 7 B. T. A. 1018.

It is contended on behalf of plaintiff by reason of matters shown by the facts that it was a de facto corporation from January 1, 1920, and that defendant by reason of having assessed and collected the tax for the whole of the year is now estopped from claiming that the corporation did not exist on January 1, 1920. It further contends that even if the corporation was not in existence until March 20 of that year, the facts show that it was an association which would have paid the same rate of tax,

Benjamin B. Pettus, of Washington, D. C. (Edward F. Colladay, of Washington, D. C., Edwin M. Oyterbourg and Charles A. Houston, both of New York City, and Colladay, McGarraghy, Pettus & Wallace, of Washington, D. C., on the brief), for plaintiff.

George H. Foster, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

and that it would be entitled to the same recovery.

On behalf of the defendant it is contended that the doctrine of estoppel cannot be applied to the government and that the plaintiff, not having been in existence on January 1, 1920, could not have acquired the inventory on that date and could not have issued its stock therefor at that time.

■ The question whether the plaintiff was a de facto corporation beginning with January 1, 1920, depends upon how the interested parties conducted the business and upon what was done, if anything, in the way of complying with the requirements of the law for the creation of a corporation. The former partners, as between themselves from and after January 1, 1920, seem to have regarded themselves as doing business as a corporation, and opened books in corporate form. Whatever sums they withdrew were charged to their individual accounts and the amounts paid for their services were designated as salaries and were paid as though they were corporate officers. The facts do not show that the books designated them as corporate officers. But all of this could have been done as a partnership or association; and it should also be observed that there is nothing in the record to show that the business was so conducted as to advise the public or outside persons with whom business was being done that the parties carrying on the business considered it to be incorporated and were transacting it on that basis, nor is there any evidence that any officers were elected, any meetings held, or any resolutions adopted.

Under such circumstances it cannot be said that they were in fact doing business as a corporation. Moreover, nothing was actually done in the way of performing any of the acts required by law to obtain a charter until long after January 1, 1920. The date on which the charter was applied for is not shown, but it was near the date on which the charter was issued. It is evident that none of the legal steps necessary to create a corporation was taken until a considerable time after January 1. Where nothing is done in transacting the business that could not also have been done by a partnership or an association, or which would inform the public or parties with whom dealings were had of any claim that the business was being carried on as by a corporation, and none of the proceedings which the law required in order to create a corporation was

had or taken, we think a de facto corporation cannot be said to exist. Whether plaintiff was a de facto corporation at any time prior to the date on which its charter was granted it is not necessary to determine. See Niles Fire Brick Co., 6 B. T. A. 8; Treasury Department Rulings, O. D. 1016, 5 C. B., p. 231; O. D. 1078, 5 C. B., p. 232; O. D. 1121, 5 C. B., p. 233. It is urged by plaintiff that if it was not a de facto corporation from January 1 to March 20, 1920, it must have been an association and that its return of taxation would be the same as for a corporation. It may be that it was an association during that period and taxable under the same statutory provision as a corporation, but the conclusion that the total amount of the tax for the calendar year 1920 of the two taxable entities would be the same does not follow. There were different inventories and very different amounts of profit. The total amount of tax that might be due by the different taxable entities in existence from January 1 to March 20, 1920, and from the latter date to December 31, 1920, is immaterial to the decision in this case, since we are here concerned only with the plaintiff corporation which was in existence only from and after March 20, 1920. Had the plaintiff filed a claim for refund on the basis that its tax should be determined for the period March 20, 1920, to the end of the year, its rights would have been altogether different from what they are under the refund claim filed.

■ Plaintiff is not entitled to have its tax computed on the basis of the calendar year beginning January 1, 1920, and may not use as its opening inventory the actual market value of the merchandise on hand by the predecessor partnership at December 31, 1919, since it was not in existence until March 20, 1920. Younker Bros., Inc., 8 B. T. A. 333; Isidor Hellman v. United States, 44 F. (2d) 83, 70 Ct. Cl. 498.

■ The second ground upon which plaintiff sues is that the income of the business from January 1 to March 20, 1920, should be eliminated and a refund of $76,241.31 should be made. In other words, that the opening inventory should be valued at March 20, 1920, and that it should be relieved of any tax which it paid upon any income for the period January 1 to March 20, 1920.

The defendant insists that plaintiff is not entitled to maintain this suit upon this ground for the reason that the claim for re-

fund filed, the rejection of which forms the basis of this suit, made no mention of this ground and was based entirely upon the ground that the plaintiff was entitled to an increased value for its inventory at January 1, 1920. We are of opinion that the position of the defendant is correct. No mention whatever was made in the claim for refund, or in any of the hearings before the Commissioner of Internal Revenue, that the merchandise inventory should be valued at March 20, 1920, or that the tax liability of the corporation should be determined for the period March 20 to December 31, 1920. It appears that notwithstanding the fact that during the consideration of plaintiff's claim for refund the commissioner's office called its attention to the fact that it was not incorporated until March 20, 1920, the plaintiff took no steps to amend its claim for refund so as to claim an overpayment on any ground other than the valuation of its inventory on January 1, 1920. It submitted no facts whatever to the commissioner as to the value of the merchandise inventory on hand on March 20, 1920, or with reference to its net income from March 20 to December 31, 1920, and claimed no refund on that ground.

No claim for refund upon the ground upon which plaintiff's second cause of action is based was filed with the Commissioner of Internal Revenue, as required by the statutes and the regulations, and there was nothing in the claim for refund filed or in the facts submitted to the commissioner, or the papers and documents filed or presented to him in connection therewith, to inform the commissioner that plaintiff was claiming a refund on the ground upon which it bases its second claim for recovery here, namely, that it was taxable for the period March 20 to December 31, 1920, and that its inventory should be valued and its net income determined accordingly. The claim of March 29, 1927, was not sufficient to entitle the plaintiff to sue upon its second claim. One of the principal objects of the requirements of the statute with reference to the filing of a claim for refund is to advise the appropriate officials of the demands or claims intended to be asserted so as to insure an orderly administration of the revenue, and a claim which gives no notice of the amount or nature of the claim for which the suit is brought and refers to no facts upon which it may be founded does not satisfy the requirements of the statute. United States v. Felt & Tarrant Mfg. Co., 283 U. S. 269, 51 S. Ct. 376, 75 L. Ed. 1025. "Meticulous compliance by the taxpayer with the prescribed conditions must appear before he can recover." Maas & Waldstein Co. v. United States, 283 U. S. 583, 51 S. Ct. 606, 608, 75 L. Ed. 1285. Wausau Sulphate Fibre Co. v. United States, 49 F.(2d) 665, decided by this court May 4, 1931.

Plaintiff is not entitled to recover on the first ground stated in the petition, and it cannot maintain the suit on the second ground alleged. The petition is therefore dismissed, and it is so ordered.