**DASCOMB v. McCUEN, Collector of Internal Revenue.**

**SAME v. KENNEDY, Former Collector of Internal Revenue.**

**Nos. 89, 90.**

Circuit Court of Appeals, Second Circuit.

Nov. 13, 1934.

R. T. Fleming, of Houston, Tex. (Selden Leavell and R. C. Fulbright, both of Houston, Tex., of counsel), for appellant.

Frank J. Wideman, Asst. Atty. Gen. (Sewall Key, Norman D. Keller, and Frederick W. Dewart, Sp. Assts. to Atty. Gen., and Joseph A. McNamara, U. S. Atty., of Burlington, Vt., of counsel), for appellees.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The appellant was the president and largest shareholder of Vaughan Lumber Company, a common-law association or trust, herein referred to for convenience as the Trust. On February 15, 1920, he received from the Trust a dividend of some $270,000. This he reported in his income tax return for 1920, showing a part thereof as taxable income, and the balance as a distribution of capital and so nontaxable. His income taxes for 1920 were assessed in accordance with his return, and were paid in four installments during 1921 to the collector in office when the successive installments respectively fell due. In dividing the aforesaid dividend into taxable and nontaxable parts, the taxpayer assumed that the Trust had succeeded a partnership of the same name, dissolved on February 15, 1919, and that the 1919 earnings of the Trust covered the period from February 15th to December 31st. That assumption the taxpayer now asserts to have been erroneous; his position being that the first partnership was succeeded by a second, and the Trust was not legally created until August 22, 1919; consequently its 1919 earnings available for the dividend of February 15, 1920, were less than assumed, the nontaxable portion thereof was greater than reported, and an overassessment resulted in respect to the appellant's 1920 tax. This is the theory upon which he brought his actions against the collectors. They resisted recovery not only upon the merits but also upon the ground that the taxpayer's claim for refund was insufficient to support the cause of action sued on. The District Court so held, and the correctness of this decision is the first issue presented by these appeals.

The Trust originally filed a partnership return for the period from February 15 to December 31, 1919. This stated that Vaughan Lumber Company was a common-law trust organized on February 15, 1919, and gave

the "Net Income for Accounting Period to be Accounted for by Members" as nearly $358,000. Accordingly the appellant included in his tax return for 1919 his distributive share of the Trust's income. Thereafter by letters of August 9 and September 3, 1920, the Commissioner notified him that Vaughan Lumber Company was taxable as a corporation and should file an amended return to cover the period from February 15 to December 31, 1919, and that its members who had reported distributive shares of its income should file amended personal returns and claims for refund. This was done. The Trust paid a tax of $118,137.13 on a net income of about $360,000, and the appellant received a refund of a large part of his 1919 taxes. On March 12, 1921, he filed his return for the year 1920, showing dividends received from the Trust in the sum of $270,196, of which he claimed $66,483.72 was from capital and $203,712.28 from earnings. His return disclosed a tax liability of some $92,000, which he duly paid during 1921. On March 11, 1926, he filed a claim for refund of 1920 taxes on three grounds, of which only the second is now material. This starts out with the statement that Vaughan Lumber Company was organized on February 15, 1919, and there were issued to the taxpayer as of that date 8,716 shares; it then recites the error of the Trust in filing a partnership return for 1919, the notification to it to file a return as a corporation, its compliance therewith and the resulting tax to it and refunds to its members. It alleges that Vaughan Lumber Company in making its tax return as a corporation for the year 1920 made an "improper computation for 1920," as a result of which it furnished its certificate holders erroneous information as to what part of its dividend of February 15, 1920, was from earnings and what part from capital. There follow several pages of calculations which show that the portion of the dividend attributable to capital in the appellant's return for 1920 had been understated by some $34,000, because the Trust had incorrectly computed its profits of the year 1920 available for the dividend of February 15th. The claimed refund was calculated as $21,610.23. During 1927 the claim was rejected, but the taxpayer was informed that it might be reopened in the event that the Supreme Court should reverse a case then pending. This event having happened (Mason v. Routzahn, 275 U. S. 175, 48 S. Ct. 50, 72 L. Ed. 223), the appellant's request for a reconsideration was granted, and on October 18, 1928, a refund was allowed in the sum of $18,381.09. Without amendment of the claim or further action by the Commissioner, the appellant brought these suits in April, 1929.

Section 3226 of the Revised Statutes, as amended (26 USCA § 156), requires a claim for refund to be made in accordance with regulations of the Secretary of the Treasury, and these required that "all facts relied upon in support of the claim should be clearly set forth under oath." Article 1036, Treas. Reg. 65. Cases too numerous for complete citation have recognized the principle that a taxpayer who brings suit after a refund has been denied can rely for recovery only on facts presented to the Commissioner; it will suffice to cite the following: United States v. Felt & Tarrant Co., 283 U. S. 269, 51 S. Ct. 376, 75 L. Ed. 1025; Weagant v. Bowers, 57 F.(2d) 679 (C. C. A. 2); Continental-Illinois National Bank & Trust Co. v. United States, 67 F.(2d) 153 (C. C. A. 7); Snead v. Elmore, 59 F. 312 (C. C. A. 5); Taber v. United States, 59 F.(2d) 568 (C. C. A. 8). Obviously neither the original claim of the appellant, nor his letter asking reconsideration, states the facts now relied upon, namely, that the Trust was not organized until August 22, 1919, and its 1919 earnings were consequently less than it had reported in its amended return for the period ending December 31, 1919. On the contrary, the claim expressly says that the date of organization was February 15, 1919, and the letter of September 19, 1928, requesting reconsideration states that the "Vaughan Lumber Company's net income for 1919 was $359,695.66." This sum, less the admitted 1919 tax, gives the exact figure which the Commissioner, in allowing a refund of some $18,000, stated to be the earnings available for distribution at the end of the year 1919. Plainly there was nothing to apprise the Commissioner that any controversy existed as to the date of the Trust's organization or the amount of its 1919 earnings available for the dividend of February 15, 1920.

But the appellant argues that the claim raised the question as to what part of the dividend was attributable to earnings and what to capital, and, since the Commissioner undertook to determine this issue, he was required to determine it correctly, that is, to determine when the Trust was organized and the amount of its 1919 income as well as its 1920 income available for the dividend, and that he had in his files relating to the Trust's taxes for 1919 the information necessary for correct determination, because he had been furnished with a copy of the trust agreement which showed

that the appellant had not executed it until August 22, 1919. This argument is unsound. In so far as it seeks to broaden the claim for refund so as to make it in effect a general claim that part of the dividend was paid out of capital, it will not serve the appellant. A general claim unsupported by a statement of facts is ineffective, as this court held in Solomon v. United States (C. C. A.) 57 F.(2d) 150, 151, a case quite closely analogous to the present, where the claim read: "Profits were credited to the claimant on basis of erroneous profits ascribed to Hahlo Co. for the calendar year 1919." In so far as the argument seeks to invoke the doctrine of waiver by the Commissioner, it must also fail. Had the Commissioner, in considering the claim, undertaken to determine when the Trust was organized and what period its 1919 earnings should cover, there would have been a waiver of the insufficiency of the claim in failing to allege this ground of error in the assessment. See Tucker v. Alexander, 275 U. S. 228, 48 S. Ct. 45, 72 L. Ed. 253; United States v. Humble Oil & Refining Co., 69 F.(2d) 214 (C. C. A. 5). But he did not do so. In reconsidering his rejection of the claim, he applied the rule of Mason v. Routzahn, supra, which merely affected the Trust's 1920 earnings available for the dividend of February 15th. He was never informed of any dispute as to the date of the Trust's organization or its 1919 earnings; hence the cases of waiver relied upon by the appellant are not in point.

Without going into the merits of the controversy, it is necessary to affirm the judgments because of the insufficiency of the claim for refund.

Judgments affirmed.