**MOHAWK MINING CO. v. UNITED STATES.**

No. 43309.

Court of Claims.
April 3, 1939.

1018

George E. H. Goodner, of Washington, D. C., for plaintiff.

Elizabeth B. Davis, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

In this suit for the recovery of income tax, plaintiff's contention is that it filed a timely claim for refund under which it may recover an overpayment determined by the Commissioner for 1929, which the Commissioner has refused to allow on the ground that the claim was not filed within two years from the time the tax was paid as provided in section 322 of the Revenue Act of 1928.

■- An examination of the facts, which we have set out in some detail in order to show what occurred, leaves no doubt that plaintiff's contention is without merit. The only claim for 1929 which was filed within two years of the payment of the tax (except as to a small additional tax which is not in dispute) was a claim filed November 1, 1932, and it was specific in character, relating to whether certain interest was tax exempt. That claim was rejected and is not involved in this suit. Since it was specific in character it could not be amended after the statute had run to allow recovery on grounds not advanced in the original claim. United States v. Mabel S. Andrews, 302 U.S. 517, 58 S.Ct. 315, 82 L.Ed. 398.

■ The second claim for 1929 which was filed more than two years after the payment of the tax sought to be recovered and which was referred to as amendatory of the claim filed November 1, 1932, sought recovery on new and additional grounds, namely, adjustments of inventories, depletion, depreciation and obsolescence. The overpayment determined by the Commissioner, which he refused to refund to plaintiff, was on account of adjustments under the additional grounds just stated. Obviously, adjustments of that character are so far removed from the basis of the first claim, tax-exempt interest, as to leave

no doubt that the second claim undertook to set up a new cause of action which was not within the first claim and therefore could not be considered an amendment under the rule laid down in the Andrews case, supra.

██ Plaintiff makes the further contention that the second claim filed for 1929 amounted to the "perfecting" of an informal claim timely filed for that year and therefore recovery should be allowed. The informal claim referred to was a claim filed for 1928 and made no reference to 1929, the year with which we are concerned. All the revenue acts since the adoption of the Sixteenth Amendment, U.S.C.A.Const., have provided for the return of income on an annual basis, and the return for each year is required to be complete in and of itself. Burnet v. Sanford & Brooks Co., 282 U.S. 359, 51 S.Ct. 150, 75 L.Ed. 383. The events occurring in one year may be connected with or affect transactions occurring in another year but that does not alter the fact that the return must be complete for the year for which made. Clearly the same rule would apply to limitations applicable to that return with respect to the making of additional assessments or the refund of overpayments. The fact, therefore, that the adjustments asked for in the claim for 1928 might affect income in subsequent years would not permit a refund for any year other than the year named in the claim for refund. How far reaching the upholding of plaintiff's contention would be is well illustrated by the character of adjustments requested and allowed under the 1928 claim, namely, inventories, depletion, and depreciation. The bases fixed for these adjustments for 1928 not only affected income for 1929 and 1930 but also might well have a similar effect on income for other subject years, and certainly claims for refund would be required before recovery could be had in those years.

██ Nor is the situation changed because the Commissioner, in making the adjustments sought under the claim for 1928 and similar adjustments asked within the statutory period for 1930, gave consideration to, and made corresponding adjustments for, the intervening year, 1929, even though an untimely claim for 1929 was then before the Commissioner, since no officer of the Government can waive the statute of limitation and therefore the Commissioner was without power to make an allowance under the late claim. United States v. Garbutt Oil Co., 302 U.S. 528, 58 S.Ct. 320, 82 L.Ed. 405.

It follows that the petition must be dismissed. It is so ordered.