BRYAN, Judge.
 

 Rheem Manufacturing Company (“the Taxpayer”) appeals the Montgomery Circuit Court’s judgment holding that the Administrative Law Division (“the Division”) of the Alabama Department of Revenue (“the Department”) did not have jurisdiction to grant the Taxpayer a refund of
 
 *2
 
 franchise taxes based on a ground that the Taxpayer had not asserted when its claims for refunds of franchise taxes were before the Department. We affirm.
 

 The Taxpayer paid to the Department franchise taxes for the tax years 1994 through 1999. Subsequently, the Taxpayer timely filed with the Department claims for refunds in accordance with the Alabama Taxpayers’ Bill of Rights (“the TBOR”), § 40-2A-1 et seq., Ala.Code 1975. The claims for refunds the Taxpayer filed with the Department asserted two grounds for the refunds. First, the Taxpayer asserted that it was entitled to refunds of all the franchise taxes it had paid for those years because, the Taxpayer said, the franchise tax was unconstitutional (“the constitutional ground”). Second, the Taxpayer asserted that it was entitled to partial refunds of the franchise taxes it had paid for those years because, the Taxpayer said, it should have been allowed to use an alternative-apportionment method in determining its capital employed in Alabama (“the alternative-apportionment ground”).
 

 The Department denied some of the claims for refunds by expressly denying them and denied the rest by failing to take any action with respect to the claims within six months (a “deemed denial”).
 
 [1]
 
 Within two years of the express or deemed denial of each of its refund claims, the Taxpayer timely appealed to the Division.
 
 [2]
 

 At a prehearing conference on March 8, 2004, the Division determined that the “overriding issue” before it was a ground that the Taxpayer had not raised before the Department and had not mentioned in the notices of appeal it had filed to appeal the Department’s denial of the claims for refunds. That ground was whether goodwill resulting from a merger involving the Taxpayer’s “corporate great-grandparent” should have been “pushed down” to the Taxpayer’s financial statements for purposes of determining the Taxpayer’s franchise-tax liability (“the push-down-accounting ground”). Having determined that the push-down-accounting ground was the overriding issue before it, the Division, on March 8, ordered the parties to address it. The next day, the Taxpayer filed with the Division a document purporting to amend its notices of appeal to assert the push-down-accounting ground as a ground of its appeals. However, the Department objected to the Division’s considering the push-down-accounting ground, arguing that, because the Taxpayer had not raised that ground when the Taxpayer’s refund claims were before the Department, the Division did not have jurisdiction to consider it. The Division held (1) that it could consider the push-down-accounting ground despite the Taxpayer’s failure to raise that ground before the Department; (2) that the goodwill should not have been pushed down; and (3) that the Taxpayer was entitled to refunds for the years 1994 through 1999.
 

 The Department appealed to the Montgomery Circuit Court (“the circuit court”). The circuit court appointed a special master to make a recommendation regarding the issue whether the Division had juris
 
 *3
 
 diction to consider the push-down-accounting ground. In pertinent part, the special master’s recommendation stated:
 

 “The Department avers that the Division erred in allowing the Taxpayer to amend its Petitions for Refund to include refund claims on the novel push-down accounting ground because, pursuant to the TBOR, taxpayers must first raise refund claims with the Department, not on appeal with the Division from the Department’s decision on those claims. The Taxpayer argues that, once it finds itself properly before the Division on appeal, no matter what the nature of the refund claim raised with the Department in the original Petition for Refund, a taxpayer should be able to raise any and all novel grounds for a refund, regardless of the fact that the Department was not first offered the opportunity to address that novel refund claim.
 

 “I am persuaded by the Department’s position for the following reasons: any ruling otherwise obviates certain portions of the TBOR that delineate between the initial filing of a petition for refund with the Department and the appeal of the denial of that petition with the Division; and any ruling otherwise allows taxpayers to circumvent the jurisdictional requirements of the TBOR, thereby rendering the periods of limitations in the TBOR superfluous and rendering the Department unable to place limits on any refund claims against it. Not only does Alabama’s statutory scheme require such a finding, but also federal case law on the subject, and the policy considerations therein, prove persuasive.
 

 “When construing the language of a statute, this court must presume ‘ “that every word, sentence, or provision was intended for some useful purpose, has some force and effect, and that some effect is to be given to each, and also that no superfluous words or provisions were used.” ’
 
 Ex parte Uniroyal Tire Co.,
 
 779 So.2d 227, 236 (Ala.2000) (quoting
 
 Sheffield v. State,
 
 708 So.2d 899, 909 (Ala.Crim.App.1997)). In this case, the TBOR was clear and did not require interpretation. The Division’s unnecessary interpretation served to abrogate portions of the TBOR, and for that reason the Division’s decision must not stand.
 

 “Generally, the TBOR’s statutory construction establishes a two-tiered refund request review process by which the Department first reviews a taxpayer’s refund request and the basis for that request, and, if the Department denies that request, then that taxpayer can appeal either to the Administrative Law Division or to the Circuit Court. The authority of the Division extends only to those requests for refund that first have been denied by the Department. The TBOR is clear on this subject. Section 40-2A-9(a), Ala.Code 1975, provides, in pertinent part: ‘The purpose of this section is to establish uniform procedures concerning
 
 appeals
 
 to the Administrative Law Division and to establish the authority and responsibilities of the administrative law judge concerning those appeals.’ Section 40-2A-9(b), Ala.Code 1975, provides, in pertinent part: ‘The administrative law judge shall be responsible for administration of the Division and may schedule and conduct hearings and decide all
 
 appeals properly filed
 
 with the Division.’ (Emphasis added.) This statute does not establish any authority or responsibility by the Division for originally filed petitions for refund. Section 40-2A-7(e)(5)a., Ala.Code 1975, provides, in pertinent part: ‘A tax
 
 *4
 
 payer may appeal
 
 from the denial in whole or in part of a petition for refund
 
 by filing a notice of appeal with the administrative law division.... ’ (Emphasis added.) Nothing in the TBOR provides an avenue through which a taxpayer in a case such as this can request a refund of tax directly from the Division; rather, it is the Department that first determines the propriety of any such refund, and the Division reviews the Department’s decision. Thus, the Division does not have authority over a taxpayer’s request for a refund unless and until the refund has been denied in whole or in part by the Department, at which time an appeal may be properly filed with the Division.
 

 “As for the authority and responsibility of the Department, Section 40-2A-7(c)(1), Ala.Code 1975, provides that ‘[a]ny taxpayer may file a petition for refund
 
 with the department
 
 for any overpayment of tax or other amount erroneously paid to the department or concerning any refund which the department is required to administer.’ (Emphasis added.) See also Section 40-2A-7(c)(2)a., Ala.Code 1975 (‘A petition for refund shall be filed
 
 with the
 
 department....’), and Section 40-2A-7(c)(3), Ala.Code 1975
 
 (‘The department
 
 shall either grant or deny a petition for refund....’) [ (emphasis added) ]. Without a decision by the Department denying a petition for refund, there is nothing for the Division to review. This procedural requirement is also exemplified by Section 40-2A-7(c)(3), which, in requiring that a petition for refund be deemed denied within six months of the filing date, necessarily ends the Department’s review period, thereby opening the door for review of the deemed denial by either the Division or the Circuit Court.
 

 “The federal taxation system provides a two-tiered refund claim review system as well. Because the TBOR and the federal tax statutes are similar, I find federal court case law to be persuasive in my evaluation of the current case.
 
 State v. Gulf Oil Corp.,
 
 47 Ala.App. 434, 438, 256 So.2d 172, 176 (Ala.Civ.App.1971). The concept that a refund claim must first be filed with and administered by the Department is supported by public policy. ‘One object of such requirements [to first file a refund claim with the Commissioner] is to advise the appropriate officials of the demands or claims intended to be asserted, so as to insure an orderly administration of the revenue.... ’
 
 United States v. Felt & Tarrant Mfg. Co.,
 
 283 U.S. 269, 272 (1931) (citation omitted).
 
 See also United States v. Garbutt Oil Co.,
 
 302 U.S. 528, 532-33 (1938) (‘[T]he analogies of pleading must not be pressed to such an extent as to disregard the realities of administrative procedure [in tax refund cases].’). In cases involving the first stage of review by the Commissioner [of the Internal Revenue Service], the United States Supreme Court has vested the authority with the Commissioner,
 
 not the appellate entity,
 
 to waive any objection to a defectively pleaded refund claim,
 
 see United States v. Memphis Cotton Oil Co.,
 
 288 U.S. 62 (1933), but even the Commissioner cannot allow the amendment of a refund claim with a new ground if the statute of limitations for such a claim has run,
 
 see United States v. Garbutt Oil Co.,
 
 302 U.S. 528 (1938).
 
 See also Tucker v. Alexander,
 
 275 U.S. 228 (1927). More importantly,
 

 “ ‘In the absence of a proper amendment or of an operative waiver by the Government, the taxpayer in suing [in district court] for recovery [of] back taxes paid is confined to the scope of the grounds for refund asserted in the claim filed with the Commissioner.
 
 *5
 

 United States v. Felt &, Tarrant Mfg. Co.,
 
 283 U.S. 269, 272, 51 S.Ct. 376, 75 L.Ed. 1025 [(1931)],
 
 Real Estate-Land, Title & Trust Co. v. United States,
 
 309 U.S. 13, 6[0] S.Ct. 371, 84 L.Ed. 542 [ (1940) ];
 
 Snead v. Elmore,
 
 5 Cir., 59 F.2d 312 [ (1932) ];
 
 Edwards v. Malley,
 
 1 Cir., 109 F.2d 640, 645 [ (1940) ];
 
 Dascomb v. McCuen,
 
 2 Cir., 73 F.2d 417, 418, 419 [ (1934) ];
 
 Taber v. United States,
 
 8 Cir., 59 F.2d 568 [ (1932) ];
 
 H. Lissner Co. v. United States,
 
 Ct. Cl., 52 F.2d 1058 [ (1931) ].’
 

 “Pelham Hall Co. v. Carney,
 
 111 F.2d 944, 948 (1st Cir.1940).
 
 See also Brown v. United States,
 
 [No. H 73 C-45, March 11, 1976] (E.D.Ark.1976) [not reported in F.Supp.] (‘It is axiomatic that failure to raise factual or legal grounds in a claim for refund of taxes bars presenting these grounds and facts in a later suit for refund [filed in district court].
 
 Angelus Milling Co. v. Commissioner,
 
 325 U.S. 293 (1945). The Eighth Circuit, as well as all of the other circuit courts that have considered this question, has uniformly refused to allow a taxpayer to raise a new ground for recovery at the time of trial, if this ground was not brought to the attention of the Commissioner during the administrative proceedings.
 
 See Taber v. United States,
 
 59 F.2d 568, 570-571 (8th Cir.1932),
 
 cert. denied,
 
 287 U.S. 636 (1932);
 
 Ney v. United States,
 
 171 F.2d 449 (8th Cir.1948), ce
 
 rt. denied,
 
 336 U.S. 967 (1949);
 
 Lucky Tiger-Combination Gold Mining Co. v. Crooks,
 
 95 F.2d 885 (8th Cir.1938); and
 
 Red Wing Malting Co. v. Willcuts,
 
 15 F.2d 626 (8th Cir.1926),
 
 cert. denied,
 
 273 U.S. 763 (1926);
 
 Alabama By-Products Corp. v. Patterson,
 
 258 F.2d 892 (5th Cir.1958);
 
 Austin v. United States,
 
 461 F.2d 733 (10th Cir.1972);
 
 Pelham Hall Co. v. Carney,
 
 111 F.2d 944 (1st Cir.1940).’ (citations edited)).
 

 “In its Petitions for Refund, the Taxpayer either requested a refund of the franchise tax on the basis of unconstitutionality or on the basis of its alternative apportionment theory. The Taxpayer has never requested from the Department a refund of franchise tax based on a removal of any and all push-down accounting procedures: that is, the Department has never had the opportunity to determine the propriety of the Taxpayer’s request for a refund based on its push-down accounting argument.
 

 “The statute is clear. Taxpayers do not file their petitions for refund with the Division. The Department has the initial authority and responsibility for deciding whether or not to allow a refund, not the Division. Rather, the Division has appellate authority over a taxpayer’s refund request only after the Department has decided the matter adversely to the taxpayer. The Department and the Division are not the same entity for the purposes of the administrative scheme; rather, the Department appears before the Division as a party, specifically the appellee. Otherwise, the TBOR’s two-tiered refund process as designed by the Legislature would be a nullity.
 

 “Moreover, if the Taxpayer’s position is adopted, not only is the two-tiered administrative procedure of the TBOR eliminated, but also the statute’s periods of limitations are easily circumvented. This case is a perfect example of that circumvention. On August 12, 1997, the Taxpayer filed Petitions for Refund for return years 1994-96 and stated as grounds for the Petitions 1) that the Taxpayer was entitled to a full refund because the Alabama Franchise Tax was unconstitutional and 2) that the Taxpayer was entitled to a partial refund based on a proposed alternative method of
 
 *6
 
 computation of its franchise taxes, specifically, an alternative method of apportioning its Alabama capital based on the Taxpayer’s creation of ‘an average historical sales ration.’ The Petition based on alternative apportionment was denied outright by the Department in a letter to the Taxpayer dated September 12, 1997. The Petition based on constitutionality was deemed denied on February 12, 1998. On or about January 21, 2000, the Taxpayer filed with the Division a Notice of Appeal of the denial of its constitutionality Petition; the Notice of Appeal addressed only the issue of constitutionality — not the issue of apportionment; nonetheless, more than two years had passed from the Department’s outright denial of the alternative apportionment Petition. Therefore, for return years 1994-96, the Taxpayer timely appealed the denial of its Petition for Refund based on the unconstitutionality of the tax, but did not timely appeal the denial of its Petition for Refund based on alternative apportionment.... However, the Division allowed the Taxpayer to ‘revive’ its alternative apportionment argument for return years 1994-96, even though it had not timely appealed the denial of the petition for refund based on alternative apportionment. ‘If an appeal is not filed with the Administrative Law Division or the circuit court within two years of the date the petition is denied, then the appeal
 
 shall be dismissed for lack of jurisdiction.’
 
 § 40-2A-7(c)(5)c., Ala.Code 1975 (emphasis added). The Division’s decision to allow the Taxpayer to revive the alternative apportionment claim effectively voided the two-year jurisdictional period of limitation for appealing the denial of a petition for refund. Additionally, it should be noted that the Division’s decision to allow the Taxpayer to raise its push-down accounting claim in 2004 violated the three-year period of limitations prescribed by the TBOR.
 
 See
 
 § 40-2A-7(c)(2)a.(i), Ala.Code 1975. The procedural requirements of the TBOR are clear and mandatory, not subject to interpretation by the Division.
 

 “IV. Conclusion
 

 “Accordingly, the Division exceeded its statutory authority in ordering the Department to grant the Taxpayer’s refund request based on push-down accounting. That particular refund claim was not initially raised with the Department in a petition for refund as is required by the TBOR, and the allowance of such a claim at the appellate level resulted in the circumvention of the TBOR’s periods of limitation for filing such claims. The Department is the state agency designated by statute as the proper entity to first address a taxpayer’s refund claim. Any other position completely abrogates the two-tiered administrative review process outlined in the TBOR and allows the circumvention of the mandatory periods of limitation prescribed by the TBOR.
 

 “Accordingly, the decision of the Division was not in compliance with applicable law....”
 

 (Footnotes omitted.)
 

 The circuit court adopted the special master’s recommendation and reversed the Division’s determination that the Taxpayer was entitled to refunds based on the push-down-accounting ground. The Taxpayer then timely appealed to this court from the judgment of the circuit court.
 

 The Taxpayer first argues that the Division’s holding in
 
 Intergraph Corporation v. Alabama Department of Revenue
 
 and § 40-2A-7(c)(4), Ala.Code 1975, mandate that, once a taxpayer perfects an appeal to the Division, the Division is required to decide all issues regarding the
 
 *7
 
 taxpayer’s liability regardless of whether those issues were raised when the taxpayer’s refund claim was before the Department. However, this court is bound by the decisions of the Alabama Supreme Court rather than those of the Division.
 
 See
 
 § 12-3-16, Ala.Code 1975 (“The decisions of the Supreme Court shall govern the holdings and decisions of the courts of appeals .... ”). In
 
 Patterson v. Gladwin Corp.,
 
 835 So.2d 137, 153 (Ala.2002), our supreme court held that compliance with the TBOR is jurisdictional. Moreover, as the special master noted in his recommendation, our supreme court has held that “[w]hen construing the language of a statute, this court must presume ‘ “that every word, sentence, or provision was intended for some useful purpose, has some force and effect, and that some effect is to be given to' each, and also that no superfluous words or provisions were used.” ’
 
 Ex parte Uniroyal Tire Co.,
 
 779 So.2d 227, 236 (Ala.2000) (quoting
 
 Sheffield v. State,
 
 708 So.2d 899, 909 (Ala.Crim.App.1997)).” Based on that principle of statutory construction, we agree with the following reasoning contained in the special master’s recommendation:
 

 “Generally, the TBOR’s statutory construction establishes a two-tiered refund request review process by which the Department first reviews a taxpayer’s refund request and the basis for that request, and, if the Department denies that request, then that taxpayer can appeal either to the Administrative Law Division or to the Circuit Court. The authority of the Division extends only to those requests for refund that first have been denied by the Department.... Section 40-2A-9(a), Ala.Code 1975, provides, in pertinent part: ‘The purpose of this section is to establish uniform procedures concerning
 
 appeals
 
 to the Administrative Law Division and to establish the authority and responsibilities of the administrative law judge concerning those
 
 appeals’
 
 Section 40-2A-9(b), Ala. Code 1975, provides, in pertinent part: ‘The administrative law judge shall be responsible for administration of the Division and may schedule and conduct hearings and decide all
 
 appeals properly filed
 
 with the Division.’ (Emphasis added.) This statute does not establish any authority or responsibility by the Division for originally filed petitions for refund. Section 40-2A-7(c)(5)a., Ala.Code 1975, provides, in pertinent part: ‘A taxpayer may appeal
 
 from the denial in whole or in part of a petition for refund
 
 by filing a notice of appeal with the administrative law division.... ’ (Emphasis added.) Nothing in the TBOR provides an avenue through which a taxpayer in a case such as this can request a refund of tax directly from the Division; rather, it is the Department that first determines the propriety of any such refund, and the Division reviews the Department’s decision. Thus, the Division does not have authority over a taxpayer’s request for a refund unless and until the refund has been denied in whole or in part by the Department, at which time an appeal may be properly filed with the Division.
 

 “As for the authority and responsibility of the Department, Section 40-2A-7(c)(1), Ala.Code 1975, provides that ‘[a]ny taxpayer may file a petition for refund
 
 with the department
 
 for any overpayment of tax or other amount erroneously paid to the department or concerning any refund which the department is required to administer.’ (Emphasis added.) See also Section 40-2A-7(c)(2)a., Ala.Code 1975 (‘A petition for refund shall be filed
 
 with the
 
 department....’), and Section 40-2A-7(c)(3), Ala.Code 1975
 
 {‘The department
 
 
 *8
 
 shall either grant or deny a petition for refund....’) [ (emphasis added) ]. Without a decision by the Department denying a petition for refund, there is nothing for the Division to review. This procedural requirement is also exemplified by Section 40-2A-7(e)(3), which, in requiring that a petition for refund be deemed denied within six months of the filing date, necessarily ends the Department’s review period, thereby opening the door for review of the deemed denial by either the Division or the Circuit Court.
 

 “In its Petitions for Refund, the Taxpayer either requested a refund of the franchise tax on the basis of unconstitutionality or on the basis of its alternative apportionment theory. The Taxpayer has never requested from the Department a refund of franchise tax based on a removal of any and all push-down accounting procedures: that is, the Department has never had the opportunity to determine the propriety of the Taxpayer’s request for a refund based on its push-down accounting argument.
 

 “... Taxpayers do not file their petitions for refund with the Division. The Department has the initial authority and responsibility for deciding whether or not to allow a refund, not the Division. Rather, the Division has appellate authority over a taxpayer’s refund request only after the Department has decided the matter adversely to the taxpayer. The Department and the Division are not the same entity for the purposes of the administrative scheme; rather, the Department appears before the Division as a party, specifically the appellee. Otherwise, the TBOR’s two-tiered refund process as designed by the Legislature would be a nullity.
 

 “Accordingly, the Division exceeded its statutory authority in ordering the Department to grant the Taxpayer’s refund request based on push-down accounting. That particular refund claim was not initially raised with the Department in a petition for refund as is required by the TBOR, and the allowance of such a claim at the appellate level resulted in the circumvention of the TBOR’s periods of limitation for filing such claims. The Department is the state agency designated by statute as the proper entity to first address a taxpayer’s refund claim. Any other position completely abrogates the two-tiered administrative review process outlined in the TBOR and allows the circumvention of the mandatory periods of limitation prescribed by the TBOR.
 

 “Accordingly, the decision of the Division was not in compliance with applicable law....”
 

 (Footnotes omitted.) Thus, we find no merit in the Taxpayer’s first argument.
 

 The Taxpayer next argues that its amendment of its notices of appeal to assert the push-down-accounting ground on March 9, 2004, was a proper amendment of a claim that had been timely presented to the Department and timely appealed to the Division and, therefore, that amendment was not tantamount to the assertion of a new claim as the Department argues. Consequently, the Taxpayer argues, the Division’s holding that it had jurisdiction to consider the push-down-accounting ground did not circumvent either the three-year statute of limitations for filing refund claims with the Department or the two-year statute of limitations for appealing the denial of such claims to the Division. The flaw in this argument is that the Taxpayer did not present the push-down-accounting ground to
 
 the Department
 
 before the expiration of the three-year stat
 
 *9
 
 ute of limitations for filing refund claims with
 
 the Department.
 
 For that reason, we find no merit in the Taxpayer’s second argument.
 

 Finally, the Taxpayer argues that the federal cases cited by the special master in his report and recommendation to the circuit court are not apt because, the Taxpayer says, the federal statutes at issue in those cases are not substantially similar to the Alabama tax-refund statutes. Moreover, the Taxpayer argues that, even if the federal statutes at issue in those cases were sufficiently similar to the Alabama tax-refund statutes to render those federal cases apt by analogy, the holdings in those cases do not support a holding that the Division did not have jurisdiction to consider the push-down-accounting ground raised by the Taxpayer because the Taxpayer amended its notices of appeal at the administrative level and the Department was on notice of the push-down-accounting ground before the expiration of the statute of limitations for appealing the denial of the refund claims. However, we hold that the TBOR alone is sufficient authority to sustain the circuit court’s judgment. Therefore, we do not reach the issue whether the federal authorities cited by the special master lend additional support to the circuit court’s judgment.
 

 Accordingly, for the reasons discussed above, we affirm the judgment of the circuit court. The Department’s motion to strike certain appendices in the Taxpayer’s brief is denied on the ground that it is moot.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . In pertinent part, § 40-2A-7(c)(3), Ala.Code 1975, provides:
 

 “The department shall either grant or deny a petition for refund within six months from the date the petition is filed .... If the department fails to grant a refund within the time provided herein, the petition for refund shall be deemed to be denied.”
 

 [2]
 

 . In pertinent part, § 40-2A-7(c)(5)a., Ala. Code 1975, provides that “[a] taxpayer may appeal from the denial in whole or in part of a petition for refund by filing a notice of appeal with the Administrative Law Division within two years from the date the petition is denied ....”